■ JOHN E. NICOLO, Appellant-Respondent, v PAUL GREENFIELD et al., Defendants. NEW YORK DEPARTMENT OF STATE et al., Nonparty Respondents-Appellants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff moved for the discovery of various documents from nonparties, New York State Department of Transportation and New York Department of State. Both nonparties responded to the motion by objecting to the production of 36 of the documents on the grounds that they were exempt from discovery by reason of attorney-client privilege, executive privilege, and the exemption provided for materials prepared for litigation and attorney work product.

Supreme Court inspected the documents in camera and directed production of 14 of the documents. Plaintiff appeals, contending that the court erred in not ordering disclosure of

the remaining 22 documents, and the Departments of State and Transportation cross-appealed, contending that the court erred in ordering disclosure of three of the documents.

Having viewed the documents, we conclude that the court was correct in determining that the 22 documents were exempt from disclosure. Some of the items were materials prepared for litigation and others were subject to the attorney-client privilege. The attorney-client privilege applies to communications with attorneys, whether counsel on the corporate staff or outside counsel, and extends to the attorney's communications to the client *(Rossi v Blue Cross & Blue Shield,* 73 NY2d 588, 592).

Three of the 14 documents that the court ordered disclosed are exempt from disclosure. Document A is a communication from the Deputy Secretary of State to a supervising attorney of the Department. Document B is a memorandum prepared by general counsel of the Department of State addressed to the Secretary of State. Document C is a memorandum prepared by general counsel addressed to the Director of Administration of the Department of State. These three documents did not deal with pending cases, but they did concern legal rights and obligations of the Department and recommended legal strategies *(see, Rossi v Blue Cross & Blue Shield, supra,* at 594). All three documents are protected by the attorney-client privilege. Consequently, we modify the order appealed from by striking from the list of the items ordered to be produced, the following: (a) letter dated January 24, 1985 from Jim Baldwin to Pat Cea; (b) intraagency communication dated November 2, 1987 from Maureen Glasheen to Gail S. Shaffer; and (c) memorandum dated March 29, 1988 from Maureen Glasheen to Samuel Messina. (Appeals from order of Supreme Court, Monroe County, Cornelius, J.—discovery.) Present— Boomer, J. P., Green, Pine, Davis and Lowery, JJ.